UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:18-CR-189 |
| | ) | |
| vs. | ) | |
| | ) | |
| ERIC JAMES KRUGER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

Defendant, Eric James Kruger, has filed a Motion to Dismiss [Doc. 22] and supporting memorandum [Doc. 23]. The United States filed a Response in Opposition [Doc. 28]. This matter is before the Court pursuant to 28 U.S.C. 636(b) and the standing orders of the District Court for a Report and Recommendation.

On Thursday, June 18, 2019, the Court conducted an evidentiary hearing on Defendant's motion. Present at the hearing were Defendant, his counsel, Joseph Oren McAfee, Esq. and Assistant United States Attorney B. Todd Martin, Esq. and AUSA intern T. Hunter Shelton. Testifying at the hearing were Officers Devin Cribley, Paul Pressley, and Jack Everhart. This matter is now ripe for resolution. For the reasons stated herein, the undersigned RECOMMENDS the Motion to Dismiss [Doc. 22] be DENIED.

**I.      PROCEDURAL BACKGROUND**

On December 11, 2018, a federal grand jury returned an indictment against Defendant charging him with being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), possessing a firearm as an unlawful user of a controlled substance under 18 U.S.C. § 922(g)(3), and possessing with the intent to distribute a quantity of methamphetamine under 21 U.S.C. §§ 841(a)(1),

1

(b)(1)(C) [Doc. 3]. On June 5, 2019, Defendant filed a Motion to Dismiss [Doc. 22] and supporting memorandum [Doc. 23], arguing that since the Morristown Police Department deleted any video footage of Defendant's arrests on July 8, 2017 and March 25, 2018 in bad faith, the indictment should be dismissed as a result. The United States responded [Doc. 28] that any video footage was not exculpatory and deleted as part of Morristown Police Department policy. Therefore, it argues that as Defendant cannot show bad faith, the indictment should not be dismissed.

## II.     FINDINGS OF FACT

Defendant was arrested by officers of the Morristown Police Department ("MPD") on July 8, 2017 and March 25, 2018. The Morristown Police Department policy in effect on those dates states that officers would be provided with "body-worn video recording devices" and that officers "shall record all calls for service and all law enforcement related encounters and activities including enforcement and non-enforcement encounters with citizens." [Doc. 28-1, pg. 4].

The footage recorded on the body cameras was stored on a removeable memory card. Whenever that memory card was full, the officers would turn in the memory card to the evidence custodian to be stored as evidence. Per MPD policy, the videos would be stored for sixty (60) days. [*Id*. at pg. 9]. "Officers are encouraged to copy video that will be needed for evidence or request that the video(s) be saved prior to the end of sixty (60) days." *Id*. MPD Officer Paul Pressley testified that he would receive an email reminder thirty (30) days before videos would be deleted. If an officer does not request a video to be preserved within the sixty-day window, the evidence custodian may delete the video for storage purposes. At the time of the arrests, Detective Todd Davidson was the evidence custodian for the MPD. Detective Davison was not available to testify at the hearing.

2

During the July 8, 2017 arrest, MPD Officer Devin Cribley was wearing a body camera. He activated the camera to record the entire encounter with Defendant. During the March 25, 2018, MPD Officer Paul Pressley was wearing a body camera. He also activated the camera to record the entire encounter with Defendant. Neither Officer Cribley nor Officer Pressley flagged the videos of their respective arrests to be preserved within the sixty-day period. Detective Davidson conducted a mass purge of 33,635 video files on September 25, 2017 [Doc. 28-2]. The body camera video footage from Defendant's March 25, 2018 arrest has also been deleted.

**III.   ANALYSIS**

Defendant argues that the MPD destroyed video footage of his arrests, which could have been exculpatory to Defendant. Defendant argues that as the footage was deleted according to MPD policy in bad faith, his Fourth Amendment rights were violated and the charges against him should be dismissed. The United States argues that the videos were of undetermined value and that the MPD policy allowing their deletion does not constitute bad faith; therefore, it opposes the motion to dismiss.

"[C]riminal defendants must be afforded a meaningful opportunity to present a complete defense," as required under the Due Process Clause of the Fourteenth Amendment. *United States v. Collins*, 799 F.3d 554, 569 (6th Cir. 2015) (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)) (internal quotation marks omitted). As such, "the Court has developed what might loosely be called the area of constitutionality guaranteed access to evidence." *Id*. In the first instance, when the government fails to preserve exculpatory evidence, "[t]he destruction of material exculpatory evidence violates due process regardless of whether the government acted in bad faith." *United States v. Wright*, 260 F.3d 568, 571 (6th Cir. 2001) (citing *Arizona v. Youngblood*, 488 U.S. 51,

57 (1988)). If, however, the value of the evidence destroyed is "indeterminate and only potentially useful," the defendant must prove:

> (1) that the government acted in bad faith in failing to preserve the evidence; (2) that the exculpatory value of the evidence was apparent before its destruction; and (3) that the nature of the evidence was such that the defendant would be unable to obtain comparable evidence by other reasonably available means.

*United States v. Jobson*, 102 F.3d 214, 218 (6th Cir. 1996) (citing *Youngblood*, 488 U.S. at 57-58). "In order to establish bad faith, a defendant must prove official animus or a conscious effort to suppress exculpatory evidence." *Collins*, 799 F.3d at 569 (quoting *Jobson*, 102 F.3d at 218)) (internal quotation marks omitted).

Here, Defendant admits that the contents of the video footage from Defendant's arrests on July 8, 2017 and March 25, 2018 only may be potentially exculpatory. As the videos were not viewed by law enforcement, the United States attorney, nor defense counsel, it is impossible to state what value the videos would have been to Defendant's defense. Therefore, Defendant must rely on the test set out in *Youngblood* to first show bad faith on the part of the MPD.

MPD policy allowed for dash and body camera footage to be deleted after sixty days if an officer had not requested that it be preserved. There was at least one mass purge of 13,785 video files on September 25, 2017. Detective Davidson, as the evidence custodian in charge of deleting the video files, had no knowledge of the contents of the footage involving Defendant when he deleted it. Defendant offered no evidence that suggests that any MPD officer deleted the body camera footage from Defendant's arrests on July 8, 2017 and March 25, 2018 with particular malice. In fact, Defendant did not offer any evidence to suggest that the videos were deleted as a result of anything other than routine policy. While the Court agrees that the deletion of video according to such a policy is negligent at best, there is no evidence to suggest that the videos were deleted as a result of bad faith by the MPD. As in *Trombetta*, "[t]he record contains no allegation

4

of official animus towards respondents or of a conscious effort to suppress exculpatory evidence." 467 U.S. at 488. Therefore, the Court does not find any bad faith in the deletion of the video files in accordance with MPD policy.

As Defendant cannot prove bad faith under prong one, the Court will not discuss prong two or three of the *Youngblood* test.

## IV. CONCLUSION

Based on the foregoing, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss [Doc. 22] be **DENIED**.[1]

Respectfully Submitted,

s/Clifton L. Corker
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed by **July 9, 2019**. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

5