UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:18-CR-189 |
| | ) | |
| vs. | ) | |
| | ) | |
| ERIC JAMES KRUGER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

Defendant, Eric James Kruger, has filed a Motion to Suppress [Doc. 26] evidence obtained from the July 8, 2018 encounter with law enforcement from a parked car in the parking lot of the Morristown Wal-Mart and filed a supporting memorandum [Doc. 27]. The United States filed a Response in Opposition [Doc. 30]. This matter is before the Court pursuant to 28 U.S.C. 636(b) and the standing orders of the District Court for a Report and Recommendation.

On Thursday, June 18, 2019, the Court conducted an evidentiary hearing on Defendant's motion. Present at the hearing were Defendant, his counsel, Joseph Oren McAfee, Esq. and Assistant United States Attorney B. Todd Martin, Esq. and AUSA intern T. Hunter Shelton. Testifying at the hearing were Officers Devin Cribley, Paul Pressley, and Jack Everhart. This matter is now ripe for resolution. The Court permitted supplemental briefing until June 24, 2019. For the reasons stated herein, the undersigned RECOMMENDS the Motion to Suppress [Doc. 26] be DENIED.

## I. PROCEDURAL BACKGROUND

On December 11, 2018, a federal grand jury returned an indictment against Defendant charging him with being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), possessing a firearm as an unlawful user of a controlled substance under 18 U.S.C. § 922(g)(3), and possessing with the intent to distribute a quantity of methamphetamine under 21 U.S.C. §§ 841(a)(1), (b)(1)(C)

1

[Doc. 3]. On June 5, 2019, Defendant filed a Motion to Suppress [Doc. 26] and supporting memorandum [Doc. 27], arguing that Defendant's removal from the vehicle constitutes an unlawful seizure under the Fourth Amendment. As such, any evidence found and any statements that Defendant made should be suppressed. Defendant also argues that he was not advised of his rights under *Miranda*, and his statements should be suppressed under the Fifth and Sixth Amendments. The United States responds [Doc. 30] that Defendant was removed from the vehicle pursuant to reasonable suspicion of a crime and to ensure the safety of the officers. The United States also contends that once removed from the vehicle, Defendant gave officers consent to search his person. Finally, the United States argues that Defendant was not in custody at the time Defendant made the spontaneous statements that he seeks to suppress, and therefore, the officers did not violate *Miranda*. Therefore, it contends that the motion to suppress should be denied.

## II. FINDINGS OF FACT

On the night of July 8, 2018, Officer Devin Cribley of the Morristown Police Department received a report from dispatch of an intoxicated person inside a vehicle in the Walmart parking lot, located on Crockett Trace Drive in Morristown, Tennessee. Officer Cribley arrived on the scene and located the vehicle in the parking lot based on the description given in the dispatch. He parked his patrol car behind the suspect car,[1] as did another officer who arrived on the scene. The car was not running, and the windows were open.

Officer Cribley exited his patrol car and walked to the vehicle. He had no problem seeing into the vehicle. He observed Defendant and a female, later identified as Carly Weisman, in the back seat. Ms. Weisman had her head in Defendant's lap. Officer Cribley recognized Defendant and Ms. Weisman from previous drug-related encounters. He immediately noticed that they were both

---

[1] The officer would not say that his patrol car was blocking the vehicle. The officer testified that he could not remember.

2

sweating profusely, refused to make eye contact with him, and looked and acted nervously. Officer Cribley asked who owned the vehicle to which Defendant responded that he only knew his first name and that he and the other passenger were inside Walmart. At this point, Officer Cribley noticed Defendant appeared to be reaching for something or trying to hide something from him in the vehicle. Not knowing what Defendant was doing, he immediately opened the door to the vehicle and asked Defendant to step out.

Defendant stepped out of the car. Officer Cribley asked Defendant if he had anything illegal on him. In response, Defendant said he did not and invited the officer to search him. Upon searching Defendant, Officer Cribley found a pink bag of methamphetamine in Defendant's left pocket. Without being asked about the methamphetamine, Defendant stated those drugs were not his. Officer Cribley arrested Defendant and continued investigating Ms. Weisman, the driver, and the passenger. In the vehicle, officers later found additional drug paraphernalia.

**III.    ANALYSIS**

The Fourth Amendment protects against unreasonable searches and seizures without a warrant, "including seizures that involve only a brief detention short of traditional arrest." *United States v. Noble*, 762 F.3d 509, 519 (6th Cir. 2014) (quoting *United States v. Brignoni-Ponce*, 422 U.S. 873, 878 (1975)). There are three types of encounters between the police and citizens: "(1) the consensual encounter, which may be initiated without any objective level of suspicion; (2) the investigative detention, which, if nonconsensual, must be supported by a reasonable, articulable suspicion of criminal activity; and (3) the arrest, valid only if supported by probable cause." *United States v. Gross*, 662 F.3d 393, 399 (6th Cir. 2011).

In this case, the officer approached the parked vehicle in the Wal-Mart parking lot. He was investigating the report of an intoxicated person in a vehicle parked in the parking lot. He did not brandish a firearm, activate his blue lights on his patrol car, and there was no evidence he blocked the

3

vehicle in the parking space. He did not yell at Defendant, grab him through the window, or otherwise physically engage him. He did not detain anyone in the car when he approached. The Court finds this initial interaction with Defendant to be consensual in nature. He simply began making observations and asking some questions. He recognized Defendant as having previous involvement in drug-related activity. He immediately believed they were intoxicated, but was unsure what drug they had taken. It was not alcohol because he did not smell that at all. They were sweating profusely, refused to make eye-contact, and acted nervously.

He asked about the owner of the vehicle, which was a reasonable question to an intoxicated person in a vehicle.[2] Defendant identified the driver by his first name, but he could not recall the driver's last name. During this encounter, Defendant made a specific movement in the vehicle that greatly concerned the officer. Defendant either reached for something or tried to hide something in the car. The officer was unsure what Defendant was doing, but he immediately had cause for concern. He opened the door of the vehicle and directed Defendant out.

When the officer opened the door and ordered Defendant out, he seized the Defendant. Thus, the issue is whether at this point, he had a legal basis to do so. In order to seize a person, "the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez*, 449 U.S. 411, 417-18 (1981). The Court examines the "totality of the circumstances when the *Terry* stop commenced" in making that assessment. *United States v. Caruthers*, 458 F.3d 459, 464 (6th Cir. 2006).

The officer was investigating an intoxicated person in a vehicle. When he approached the car

---

[2] That he was in the backseat is of no import as one can commit the offense of driving under the influence by being in physical control of the vehicle, and that can occur even if one is in the backseat. *See, e.g.,* T.C.A. § 55-10-401; *State v. Butler*, 108 S.W.3d 845, 852 (Tenn. 2003)(affirming DUI conviction by finding driver in physical control of motorcycle even though he was a hundred yards away from his motorcycle at the time of his arrest).

4

and witnessed Defendant's condition, he believed Defendant was intoxicated, and he knew it was something other than alcohol. He observed Defendant's profuse sweating. He was also aware that Defendant had been involved in previous drug-related matters. So when Defendant made the furtive movements in the car, reaching for something or trying to hide something from the officer, reasonable suspicion existed that Defendant was attempting, at a minimum, to conceal evidence of criminal activity or at worst, reaching for a firearm.

"It is well established that safety concerns are an integral factor in the *Terry*-stop equation." *United States v. Campbell*, 549 F.3d 364, 372 (6th Cir. 2008). Out of a concern for officer safety, an officer may order a driver and passenger out of the car or search the individual "upon reasonable suspicion that they may be *armed* and *dangerous*." *Id*. (emphasis in original). "Although a mere hunch does not create reasonable suspicion, the level of suspicion the standard requires is considerably less than proof of wrongdoing by a preponderance of the evidence and obviously less than is necessary for probable cause." *Navarette v. California*, 572 U.S. 393, 397 (2014) (quoting *Terry v. Ohio*, 392 U.S. 1, 27 (1968); *United States v. Sokolow*, 490 U.S. 1, 7 (1989)) (original quotation marks omitted).

"A court…must determine whether a reasonably prudent person in the circumstances would be warranted in believing that his safety or that of others was in danger." *United States v. Campbell*, 549 F.3d 364, 372 (6th Cir. 2008). That has been met in this case. First, the initial report was an intoxicated person in a vehicle at Wal-Mart. The officer confirmed that. He also was aware of Defendant being involved in other drug-related activity. When Defendant started attempting to hide something or reach for something, the officer had a legitimate basis for ordering Defendant out of the vehicle to conduct a pat-down for weapons. When he asked him out of the vehicle, Defendant consented to a search of his person.

In *United States v. Noble*, 364 F. App'x 961, 965 (6th Cir. 2010), the Sixth Circuit found that "the officers had a reasonable belief that [the defendant] may be armed because of their suspicion that

he was involved in illegal drug activity….." In *Noble,* the defendant had parked his car under a no-stopping sign with the engine running. Officers pulled the patrol car behind defendant's car and activated the blue lights. One officer smelled marijuana coming from the car and ordered the defendant out of the car. He then conducted a pat-down of the defendant and discovered contraband. The Sixth Circuit found nothing inappropriate with the officer ordering the defendant out of the car when the officer believed the defendant was engaged in illegal activity. *See also United States v. Clay*, 181 F.App'x 542, 544 (6th Cir. 2006) (police officer had reasonable suspicion to approach parked vehicle and question the defendant driver where car was parked in front of abandoned house in high-crime and drug area and occupants made furtive motions with their hands as he drove by); *see also, United States v. Pacheco*, 841 F.3d 384, 393-94 (6th Cir. 2016)(factors supporting reasonable suspicion for pat-down search include fidgeting with pockets as if concealing something, and failure to obey officer's commands). In this case, the officer had a reasonable suspicion that Defendant may be dangerous given his knowledge of his previous drug-related activities, Defendant's apparent intoxication on a non-alcoholic drug, and Defendant's furtive movements in the vehicle.

Once Defendant exited the vehicle, Officer Cribley immediately asked Defendant if there was anything illegal on his person. Defendant responded that there was not and that the officer was welcome to search him. Officer Cribley took Defendant up on his offer and searched him, where he then found the bag of methamphetamine. The Court finds the officer had consent to search Defendant, and the search was not unreasonable under the Fourth Amendment.

After the officer found the methamphetamine, Defendant, unprompted by law enforcement, stated that the drugs were not his. Defendant also seeks to suppress this statement as a violation of his *Miranda* rights under the Fifth Amendment. The Fifth Amendment provides that an individual cannot be "compelled in any criminal case to be a witness against himself." *Miranda v. Arizona* established that "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from

6

custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." 384 U.S. 436, 444 (1966). For *Miranda* to apply, the defendant must be in custody and there must be an interrogation. "*Miranda* safeguards come into play whenever a person in custody is subject to either express questioning or its functional equivalent." *Rhode Island v. Innis*, 446 U.S. 291, 300-301 (1980).

"Interrogation" refers to express questioning or words or actions on the part of the police that they know are reasonably likely to elicit an incriminating response. *McKinney v. Hoffner*, 830 F.3d 363, 370–71 (6th Cir. 2016) (quoting *Rhode Island v. Innis*, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980)). Defendant's statement that the drugs were not his was not in response to any express questioning by the officer. Officer Cribley did not ask whose drugs they were. Instead, Defendant made a spontaneous, voluntary statement, and therefore, it does not violate *Miranda*.

## IV.   CONCLUSION

Based on the foregoing, the undersigned **RECOMMENDS** that Defendant's Motion to Suppress [Doc. 26] be **DENIED**.[3]

Respectfully Submitted,

s/Clifton L. Corker
United States Magistrate Judge

---

[3] Any objections to this report and recommendation must be served and filed by **July 11, 2019**. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

7